**Evelyn WRIGHT and Eva Wright, Plaintiffs,**

v.

**CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, and John F. Healy, Ramona Hayes Healy, d/b/a Vanderbilt Better Tours, Defendants.**

**No. 62 C 1282.**

United States District Court
N. D. Illinois, E. D.
Oct. 17, 1963.

McCoy, Ming & Leighton, Chicago, Ill., for plaintiffs.

R. J. Schreiber, Chicago, Ill., for John and Ramona Healy.

C. W. Krohl, Eugene T. Devitt and T. G. Schuster, Chicago, Ill., for Chicago, Burlington & Quincy Railroad Co.

JOSEPH SAMUEL PERRY, District Judge.

This cause came on to be heard upon the Second Amended Complaint and Answer thereto. A jury was waived and the evidence and arguments of the parties were heard by the Court.

The plaintiffs were two well-educated Negroes, a mother and a daughter. They alleged that on May 2, 1960, they went to the offices of the Chicago, Burlington & Quincy Railroad Company (hereinafter called "Burlington") in Chicago to purchase an escorted tour advertised in a pamphlet of tours displayed by the Burlington, which tour was conducted by John F. Healy and Ramona Hayes Healy, husband and wife, doing business as Vanderbilt Better Tours, both defendants (hereinafter called "Vanderbilt").

The plaintiffs charged that they chose to go on a tour advertised by Vanderbilt leaving on July 3, 1960; that instead there were sold to them tickets for an unescorted tour leaving on July 2, 1960, and that they were led to believe they

were getting the same services as on the advertised tour. They complained that when they arrived on July 2, 1960 there was no escort and they then refused to take the tour. All the sum of money paid by them for the tour was returned to them except the sum of $8.40. They returned on July 3, 1960 and saw the escorted tour leave.

They alleged that they were refused tickets on the July 3, 1960 Vanderbilt escorted tour solely because they were Negroes; that they were humiliated and suffered pain and anguish as a consequence, and that the defendants refused to sell them tickets upon said tour of July 3, 1960 because of malice and thereby discriminated against them on account of their race and deprived them of their statutory rights contrary to the provisions of the statutes of the United States of America as set forth in 49 U.S. C.A. § 1 et seq., the pertinent parts of which provide as follows:

Section 3(1). "It shall be unlawful for any common carrier * * * to subject any particular person * * * to any undue or unreasonable prejudice or disadvantage in any respect whatsoever * * *."

Section 8. "In case any common carrier subject to the provisions of this chapter shall do, cause to be done, or permit to be done any act, matter, or thing in this chapter prohibited or declared to be unlawful, or shall omit to do any act, matter, or thing in this chapter required to be done, such common carrier shall be liable to the person or persons injured thereby for the full amount of damages sustained in consequence of any such violation of the provisions of this chapter, together with a reasonable counsel or attorney's fee, to be fixed by the court in every case of recovery, which attorney's fee shall be taxed and collected as part of the costs in the case."

Plaintiffs charged that they were damaged and filed suit seeking damages of $100,000.00, including attorney's fees, and for the $8.40 travel insurance which had not been refunded.

## FINDINGS OF FACT

1. Defendant, Chicago, Burlington & Quincy Railroad Company, with ticket offices at 105 West Adams Street, Chicago, Illinois, is a common carrier for railroad passengers.

2. John F. Healy and Ramona Hayes Healy, d/b/a Vanderbilt Better Tours, located at 67 East Madison Street, Chicago, Illinois, a partnership, is a travel agency which conducts escorted railroad tours advertised and sold to the public through its own offices, and the ticket offices of Burlington, and other railroads.

3. The Burlington, and other railroads, belong to a voluntary association of railroads for the purpose of promoting and selling passenger transportation. Said association is known as the Rail Travel Promotion Agency (hereinafter referred to as "RTPA"). The RTPA contracts with travel agencies (called RTPA Contract Agents) and permits them to buy tickets of RTPA members for rail tours and to receive a commission thereon; RTPA Contract Agents may reserve rail space in advance to accommodate persons to whom they may sell tickets.

4. Vanderbilt is an RTPA Contract Agent privileged and permitted to deal with, and to sell, Burlington rail transportation space, reserved and set aside to it, from year to year, by Burlington for such purposes.

5. Burlington's ticket agents and other RTPA members' ticket agents receive a commission from Vanderbilt, and other such RTPA Contract Agents, whenever they sell the services of such RTPA Contract Agents.

6. On April 22, 1960, the plaintiffs, wishing to buy an escorted tour to California, went to Burlington's ticket office where a discussion was held with Burlington's ticket agent, Robert L. Miller, regarding Vanderbilt's V-12 guided tour to California. Thereafter, or on or about May 2, 1960, Burlington through its tick-

et agent Robert L. Miller sold plaintiffs a round-trip tour to California, which plaintiffs were led to believe was the V-12 regularly scheduled escorted tour to California operated by Vanderbilt. For said tour, plaintiffs paid to Burlington the sum of $790.10, the price of an escorted tour. Said payment included rail tickets, travel agent's fee, side-trip tickets, meals, travel insurance and sundries provided by the tour operator. Defendant Burlington remitted all of sum to defendant Vanderbilt except rail fare sale commission.

7. Plaintiffs are Negroes; and when Burlington through its agent Robert L. Miller telephoned Vanderbilt to reserve space for them on the regularly scheduled V-12 escorted tour, departing July 3, 1960, plaintiffs were thusly identified over the telephone. Vanderbilt, acting through Ramona Hayes Healy, declined to accept plaintiffs for said tour, but offered in said telephone conversation to accommodate plaintiffs with an "independent" tour to California, departing July 2, 1960. An "independent" tour, in the language of the trade, is a non-escorted tour. Plaintiffs, as aforesaid, were led to believe that their tour, departing July 2, 1960, was escorted. Vanderbilt booked other people on their V-12 tour, departing July 3, 1960, up to the date of departure.

8. Vanderbilt refused to book plaintiffs for said tour because they were Negroes. Hence the plaintiffs were discriminated against because of their color.

9. Burlington participated in the act of discrimination when its ticket agent telephoned and said, "There are some colored ladies * * *" That was a tip-off.

10. The defendant Burlington contended that even though Robert L. Miller was its paid employee, and acting within the scope of his duties in selling tickets the Vanderbilt, when making such a sale he was in the employ of Vanderbilt for the reason that he was paid a commission by Vanderbilt, with the consent of the railroad, and that therefore the railroad was not responsible for any of his statements or acts in selling such tickets. The Court finds as a matter of fact that Burlington also received a commission from Vanderbilt for its sales made through Robert L. Miller. The Court further finds that Robert L. Miller was at all times an agent of Burlington and was an agent of Vanderbilt when he sold tickets to and dealt with plaintiffs herein. Both defendants Burlington and Vanderbilt would have profited from acts of Robert L. Miller had the sales been consummated and no refunds made.

11. Further, Burlington charged plaintiffs more than the tariff rate for their trip, if defendant intended to sell plaintiffs a non-escorted tour, hence, they discriminated against plaintiffs for that reason also. Plaintiffs were, ultimately, refunded all of their money, except $8.40 paid for travel insurance.

12. Though there was no personal malice against these plaintiffs, there was a motive to hold them as customers, but at the same time to satisfy other customers, who defendants believed might have been unhappy. For this reason exemplary damages should be awarded plaintiffs.

## CONCLUSIONS OF LAW

1. This is a case of actual controversy, and the Court has jurisdiction of the subject matter of this action and of the parties hereto.

2. The Interstate Commerce Act, 49 U.S.C. Section 3(1) and Section 8 applies to both defendants.

3. Plaintiffs are entitled to a refund of $8.40 from defendants, in addition to $500.00 each for compensatory damages and $500.00 each for punitive damages, and their costs including attorney's fees in the sum of $1,500.00.

4. The issues in the cause are with the plaintiffs and judgment should be entered for plaintiffs. It is so ordered. Counsel for plaintiffs having submitted an appropriate judgment order in accordance herewith, same is simultaneously entered on this day.